IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jabbar Straws, | ) | Civil Action No. 5:17-cv-02899-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Ms. Alexander, Ms. C. Amason, and | ) | |
| Ms. Nolin, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a prisoner proceeding pro se and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 11), recommending that the court dismiss the Complaint (ECF No. 1). Plaintiff was advised of his right to file objections to the Report, (ECF No. 11 at 7), and Plaintiff filed timely objections. (ECF No. 15).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of a magistrate judge's report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate

1

judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Plaintiff's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND

The magistrate judge summarized the facts of the case in her Report. (ECF No. 11). Plaintiff is an inmate housed at Kershaw Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. (ECF No. 21). In his Complaint, Plaintiff alleges that while he was housed at Leiber Correctional Institution, another facility within the SCDC system, Defendants denied him access to the courts by "tampering with U.S. Postal mail" and by "not mailing out [Plaintiff's] notarized PCR application dated November 8, 2016 and follow up letter dated February 9, 2017." (ECF No. 1 at 5–6). Plaintiff further contends that Defendants committed fraud by "giving Plaintiff receipts that [those documents] were mailed out." *Id.* at 6. Furthermore, Plaintiff argues that he had Defendant Nolin copy attachments for this Complaint but that those documents were never returned to him. *Id.* at 14. Plaintiff further asserts that as a result of these actions, he has suffered mental and emotional stress. *Id.* at 6. Therefore, Plaintiff seeks a bench trial and an award of $1,500,000 in punitive damages and $2,500,000 for pain and suffering. *Id.* Plaintiff also seeks compensation for the ninety-three cents in postage fees. *Id.*

2

## II. DISCUSSION

The magistrate judge recommends that Plaintiff's Complaint be dismissed for failure to state a cognizable claim for relief. (ECF No. 11). Plaintiff filed objections to the Report, but rather than containing specific objections to the magistrate judge's findings, Plaintiff's objections largely restated his claims. (ECF No. 15). The court is able to glean that Plaintiff objects to the magistrate's Report on the following specific grounds: (1) that the magistrate judge erred in stating that Plaintiff did not suffer an actual injury as a result of Defendants' actions and (2) that the magistrate judge erred in finding that Plaintiff had not asserted a cognizable claim for an Eighth Amendment violation. *Id.*

It is well-settled that to establish a prima facie case for denial of access to the courts, an inmate must prove that he suffered an actual injury or specific harm. *Lewis v. Casey*, 518 U.S. 343, 349–52 (1996); *Strickler v. Waters*, 989 F.2d 1375, 1383 (4th Cir. 1993). Furthermore, the right to have access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In other words, the very premise of recognizing such a claim is "to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414–15. As such, an actual injury, if present, inevitably depends on the underlying cause of action that has been allegedly frustrated by such denial of access. *Id.* at 415; *see also Lewis*, 518 U.S. at 351 (stating that in asserting a claim for denial of access to the courts, an inmate must "go one step further and demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim"); *Strickler*, 989 F.2d at 1383 (stating that a plaintiff's injury must have resulted from the limited access of which he complains).

In the case at hand, the crux of Plaintiff's claim for denial of access to the courts is that Defendants failed to mail his PCR application on November 8, 2016, and failed to mail a follow-up letter on February 9, 2017. (ECF No. 1 at 5). By the time Plaintiff filed this case in federal court, Plaintiff had successfully initiated his PCR proceedings at the state level, and his PCR application was pending. (ECF No. 11 at 3). At the time that the magistrate judge filed the Report, that PCR application was still pending in state court. *Id.* at 4. Accordingly, the magistrate judge determined that "Plaintiff's allegations of injury from Defendants' handling of his outgoing mail are too speculative to satisfy the actual-injury requirement for a plausible claim of denial of access to courts." *Id.* Plaintiff specifically objected to this finding, stating that he suffers the actual injury of the potential denial of his PCR application for untimeliness because the Attorney General claimed the application was untimely.[1] (ECF No. 15 at 5).

However, since that time, the state court has denied Plaintiff's PCR application because it was successive, untimely, and barred by the principles of *res judicata*. *Straws v. State of South Carolina*, No. 2017-CP-32-01504 (S.C. June 27, 2018) (final order of dismissal). Furthermore, while the state court did specifically state that Plaintiff's PCR application was untimely, the court noted that the application, which was filed in May 2017, was filed "several years after the expiration of the one-year statute of limitations period." *Straws v. State of South Carolina*, No. 2017-CP-32-01504, at *7 (S.C. May 1, 2018) (Conditional Order of Dismissal). As such, even if Plaintiff's PCR application had been mailed on November 8, 2016 or February 9, 2017, it would have still been untimely. Moreover, even if the PCR application was found to be timely, the PCR

---

[1] Plaintiff also contended that he suffered injuries of loss of the postage fee and "loss of confidence" in the mail system. (ECF No. 15 at 4). Neither of these alleged injuries have a sufficient nexus to Plaintiff's underlying PCR proceeding, which is ancillary to his claim for denial of access to the courts. *See Lewis*, 518 U.S. at 353 (stating that an inmate must "demonstrate that a nonfrivolous legal claim has been frustrated or impeded" to succeed on a denial of access to courts claim); *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher*, 536 U.S. at 413) (stating that the actual injury requirement depends on "the hindrance of a nonfrivolous and arguably meritorious underlying legal claim"). Accordingly, these alleged injuries do not qualify as "actual injuries" for a legal access to courts claim.

4

application would still have been successive and barred by *res judicata*. Accordingly, assuming that Plaintiff's allegations are true, Plaintiff suffered no actual harm as a result of his mail not being sent out on November 8, 2016 or February 9, 2017. Therefore, the court overrules this objection.

Finally, Plaintiff objects to the magistrate judge's determination that Plaintiff did not sufficiently plead an Eighth Amendment violation. (ECF No. 15 at 6). Specifically, Plaintiff states that as a result of the defendants not mailing his documents, Plaintiff feels bullied and has suffered psychological harm. (ECF Nos. 15 at 6, 15-1 at 1). Plaintiff states that the mental and emotional stress that this situation has caused him has amounted to "cruel and unusual punishment." (ECF No. 15 at 6). However, as the magistrate judge correctly noted, Plaintiff has not asserted any sort of "punishment" that falls within the parameters of the Eighth Amendment. When determining if the Eighth Amendment's protections apply, "courts must ask whether the government action in question is punitive or remedial in nature." *Robinson v. Huerta*, 123 F. Supp. 3d 30, 40 (D.D.C. 2015) (citing *Austin v. United States*, 509 U.S. 602, 609–10 (1993)). Here, Plaintiff specifically stated in his Complaint that the failure to send out his mail amounted to "negligence" on the part of the defendants. (ECF No. 1 at 6, 14). Accordingly, he did not allege that the failure to mail his correspondence was meant to "punish" him in any way.

To the extent that Plaintiff is attempting to challenge the *conditions* of the prison on Eighth Amendment grounds, the magistrate judge provided a detailed analysis of Plaintiff's alleged emotional injury in the context of the Eighth Amendment and found that Plaintiff did not have a cognizable claim. (ECF No. 11 at 4-7). Plaintiff's only objections to this analysis seem to be (1) a general objection to the conclusion and (2) a statement that psychological pain may be considered as an injury. (ECF Nos. 15 at 6, 15-1 at 1). However, the magistrate judge already adequately

addressed both of these issues. In fact, the magistrate judge specifically recognized that an injury could be emotional and not physical. (ECF No. 11 at 5). However, the magistrate judge found that Plaintiff, nonetheless, did not satisfy the objective and subjective components of an Eighth Amendment claim.[2] (ECF No. 11 at 5–6). Because Plaintiff was not deprived "of a basic human need," *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991), that violated "contemporary standard[s] of decency," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), the court agrees that Plaintiff has failed to satisfy the objective standard.[3] As such, Plaintiff has not asserted a cognizable Eighth Amendment claim based on prison conditions, and the court overrules this objection.

### III. CONCLUSION

After a thorough review of the Report and the entire record in this case, the court adopts the magistrate judge's Report (ECF No. 11), to the extent that it is consistent with this Order, and incorporates it herein.[4] Accordingly, Plaintiff's claims are **DISMISSED *with prejudice*.**

**IT IS SO ORDERED.**

s/ Timothy M. Cain<br>United States District Judge

September 12, 2018
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] In order to state a claim alleging that prison conditions violate constitutional requirements under the Eighth Amendment, a plaintiff prisoner must show "both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991). The first element is objective while the second element is subjective.

[3] Because this finding is dispositive of the claim, the court declines to consider whether or not the subjective element is met.

[4] As noted above, at the time that the magistrate judge entered her Report, Plaintiff's PCR proceedings were still pending before the state court, and Plaintiff's alleged injury was speculative in nature. As such, the magistrate judge recommended that the dismissal of this action be "without prejudice." (ECF No. 11 at 6). However, since that time, the state court has denied Plaintiff's PCR application as successive, untimely, and barred by the principle of *res judicata*. Accordingly, because it is now confirmed that Plaintiff suffered no actual injury, it would be futile to allow leave to refile this action. As such, the court now dismisses *with prejudice*.